ROSE ET AL v. THE D. V. R. CO. ET AL.

1. **Jurisdiction: JUDGMENT.** The plaintiff recovered judgment in the Supreme Court against the defendant. A judgment was also recovered in the Circuit Court by another party against the defendant, and also against S., garnishee, but the clerk in issuing the execution attached the seal of the District Court instead of the Circuit Court. Upon motion properly made, in which the plaintiff in the judgment obtained in the Supreme Court intervened, the judge of the Circuit Court directed the execution to be corrected by a *nunc pro tunc* order: *Held*, that the Circuit Court acquired jurisdiction of the subject-matter and of the intervenor, and that the order of the Circuit Court could only be changed or modified on direct appeal.

WEDNESDAY, DECEMBER 12.

THE plaintiff, having recovered a judgment in the Supreme Court against the defendant railroad company, caused an execution to issue thereon, and the defendant, Smythe, was garnished thereunder. A motion is now made for judgment against the garnishee.

*Howell & Anderson,* for the motion.

*Gillmore & Anderson,* in resistance thereto.

SEEVERS, J. The facts are that the Keokuk & Hamilton Bridge Co. recovered in the Circuit Court of Lee county a judgment against the said railroad company, which was assigned to Clark and Barling, as trustees. What purported to be an execution was issued on said judgment, and said Smythe thereunder was garnished on the 31st day of March, 1877. The answer of the garnishee was taken by the sheriff, and an indebtedness to the railroad company admitted.

Afterward, and on the 26th day of April, 1877, an execution against the railroad company was issued by the clerk of this court under which the said Smythe was also garnished, and upon the taking of his answer the fact of the former garnish-

ment was disclosed, and an indebtedness to the railroad company admitted, subject, however, to the . former garnishment proceeding. The answer of the garnishee also disclosed the fact that the execution which was issued by the clerk of the Circuit Court of Lee county had impressed thereon the seal of the District instead of the seal of the Circuit Court. On or about the 28th day of May, 1877, Clark and Barling, assignees of the bridge company, filed in said Circuit Court a motion suggesting that the impressing of the seal of the District Court on said execution was a mistake of the clerk, and asking an order that said clerk be "directed to correct said mistake by now attaching the seal of the Circuit Court to said execution *nunc pro tunc*," and also asking "judgment against Geo. B. Smythe for the amount of property in his hands as garnishee." Afterward the said Whitehead, assignee, as aforesaid, filed in said Circuit Court his petition of intervention claiming that he was entitled to an order and judgment against said garnishee for the amount in his hands due the railroad company by reason of said garnishment under the execution issuing from this court.

At the June Term, 1877, of the Circuit Court, the said motion and petition of intervention came on to be heard, and an order was made directing the clerk to attach to said execution the seal of said Circuit Court, to which both the garnishee and intervenor excepted. No appeal, so far as we are advised, has been taken from the order of said Circuit Court. But said Whitehead now moves this court for judgment against said garnishee.

The solution of the question presented depends, it seems to us, on the question whether the Circuit Court had jurisdiction of the parties and subject-matter. If so, then an appeal is the only appropriate remedy. As to the parties, the jurisdiction without doubt, we think, was full and complete; certainly this is true of the intervenor, and he is the only party now asking relief in this court. The intervenor, it will be seen, voluntarily submitted his rights and claims to the judgment of the Circuit Court, and, having done so, he at least should not now be heard to say that such court had no jurisdiction over him. If the

Circuit Court had no jurisdiction over the subject-matter, the order made by said court was absolutely void, and the intervenor therein might properly disregard it. But we are of the opinion the Circuit Court had jurisdiction of the subject-matter, and the right and power to determine whether what purported to be an execution issued by the clerk thereof was absolutely void, or whether it could be amended. It is perfectly immaterial whether the ruling made was right or wrong. It was not absolutely void, but simply erroneous at most. An appeal is the only proper remedy in such case. The party making this motion cannot have judgment against the garnishee under the facts above stated. As the record stands in the Circuit Court, Clark and Barling are entitled to judgment against the garnishee, and the party making this motion should not be allowed by succeeding here to compel the garnishee to appeal from the action of the Circuit Court, when possibly it is too late to do so with effect. The motion is

OVERRULED.